IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> CHARLES SCHWAB CORPORATION, § <br> § <br> *Defendant*. § <br> § | Civil Action No. 4:21-cv-00122 <br><br> **Jury Trial Demanded** |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant The Charles Schwab Corporation ("Defendant" or "Charles Schwab") submits its Answer and Affirmative Defenses to Plaintiff R2 Solutions LLC's ("Plaintiff" or "R2") Original Complaint (ECF No. 1) ("Complaint"). To the extent not specifically admitted herein, all allegations of the Complaint are denied. Furthermore, the section headings included herein are included only for purposes of clarity and organization. Charles Schwab denies any allegations that may be implied or inferred from the headings of the Complaint.

Charles Schwab admits that this is an action alleging infringement of United States Patent No. 8,190,610 ("the '610 patent") and United States Patent No. 7,370,011 ("the '011 patent") (collectively, the "patents-in-suit"), but denies infringement of these patents.

## PARTIES

1. Charles Schwab is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2. Charles Schwab admits the allegations in Paragraph 2 of the Complaint

3. Charles Schwab admits that its corporate headquarters is located at 3000 Schwab

Way, Westlake, Texas 76262. Charles Schwab admits that the portion of the article quoted in Paragraph 3 of the Complaint was accurate at the time of its publication. Charles Schwab denies the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Charles Schwab admits the allegations in Paragraph 4 of the Complaint.

5. Charles Schwab admits that it is subject to personal jurisdiction in this District.

6. Charles Schwab admits that it is subject to personal jurisdiction in this Court. Charles Schwab admits that it maintains places of business in this District, including its corporate headquarters. Charles Schwab denies the remaining allegations in Paragraph 6 of the Complaint.

7. Charles Schwab denies the allegations in Paragraph 7 of the Complaint.

8. Charles Schwab admits that venue is proper in this District under 28 U.S.C. § 1391 and 1400(b). Charles Schwab admits that it has a regular and established place of business in this District. Charles Schwab admits that it has marketed, offered for sale, and/or sold products and/or services within this District. Charles Schwab denies the remaining allegations in Paragraph 8 of the Complaint.

## BACKGROUND

9. Charles Schwab lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10. Charles Schwab lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Charles Schwab lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies them.

12. Charles Schwab lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

## THE PATENTS-IN-SUIT

13. Charles Schwab admits that Ex. 1 to the Complaint purports to be a copy of the '610 Patent, which is entitled "MapReduce for distributed database processing," and that, on its face, the document states that the '610 Patent issued May 29, 2012 from U.S. Patent Application No. 11/539,090 filed on October 5, 2006. Charles Schwab denies the remaining allegations in Paragraph 13 of the Complaint.

14. Charles Schwab admits that Ex. 2 to the Complaint purports to be a copy of the '011 Patent, which is entitled "Financial information portal," and that, on its face, the document states that the '011 Patent issued May 6, 2008 from U.S. Patent Application No. 09/896,438 filed on June 28, 2001, which purports to claim priority to Provisional Application No. 60/214,662 filed on June 28, 2000. Charles Schwab denies the remaining allegations in Paragraph 14 of the Complaint.

15. Charles Schwab lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Charles Schwab denies the allegations in Paragraph 16 of the Complaint.

17. Charles Schwab admits that Paragraph 17 of the Complaint accurately quotes text from the '610 patent at 8:47–58. Charles Schwab denies the remaining allegations in Paragraph 17 of the Complaint.

18. Charles Schwab admits that Paragraph 18 of the Complaint accurately quotes Claim 1 of the '610 patent. Charles Schwab denies the remaining allegations in Paragraph 18 of the Complaint.

19. Charles Schwab admits that the Abstract of the '610 patent states that treating "[a]n

input data set . . . as a plurality of grouped sets of key/value pairs, . . . enhances the utility of the Map Reduce programming methodology." Charles Schwab admits that similar language appears in the '610 patent at 1:31–33 and 1:66–2:2. Charles Schwab denies the remaining allegations in Paragraph 19 of the Complaint.

20. Charles Schwab admits that the following language is included in the Abstract of the '610 patent, as well as at 1:37-39 and 2:4-8: "The intermediate results of the map processing (key/value pairs) for a particular key can be processed together in a single reduce function by applying a different iterator to intermediate values for each group." Charles Schwab denies the remaining allegations in Paragraph 20 of the Complaint.

21. Charles Schwab admits that the '610 patent at 3:6-8 includes the following language: "This helps reduce the network traffic and speed up the total execution time." Charles Schwab denies the remaining allegations in Paragraph 21 of the Complaint because they do not accurately describe the specification of the '610 patent.

22. Charles Schwab denies the allegations in Paragraph 22 of the Complaint because they do not accurately describe the specification of the '610 patent.

23. Charles Schwab denies the allegations in Paragraph 23 of the Complaint because they do not accurately describe the specification of the '011 patent.

24. Charles Schwab denies the allegations in Paragraph 24 of the Complaint because they do not accurately describe the specification of the '011 patent.

25. Charles Schwab denies the allegations in Paragraph 25 of the Complaint because they do not accurately describe the specification of the '011 patent.

26. Charles Schwab admits that Paragraph 26 of the Complaint accurately quotes the '011 patent at 3:20–34. Charles Schwab denies the remaining allegations in Paragraph 26 of the

Complaint because they do not accurately describe the specification of the '011 patent.

27. Charles Schwab admits that Paragraph 27 of the Complaint accurately quotes Claim 7 of the '011 patent, but denies the remaining allegations in paragraph 27.

28. Charles Schwab denies the allegations in Paragraph 28 of the Complaint because they do not accurately describe the specification and/or claims of the '011 patent.

29. Charles Schwab admits that Paragraph 29 of the Complaint accurately quotes Ex. 5 at page 3. Charles Schwab denies the remaining allegations in Paragraph 29 of the Complaint because they do not accurately describe the specification and/or claims of the '011 patent.

30. Charles Schwab denies the allegations in Paragraph 30 of the Complaint because they do not accurately describe the specification and/or claims of the '011 patent.

31. Charles Schwab denies the allegations in Paragraph 31 of the Complaint because they do not accurately describe the specification and/or claims of the '011 patent.

32. Charles Schwab denies the allegations in Paragraph 32 of the Complaint.

33. Charles Schwab denies the allegations in Paragraph 33 of the Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,190,610

34. Charles Schwab repeats and incorporates by reference its responses to the allegations in Paragraphs 1–13, 15–22, and 33 of the Complaint as if fully set forth herein.

35. Charles Schwab admits that this is an action alleging patent infringement and therefore arises under the patent laws of the United States, but denies any infringement of the patents-in-suit.

36. Charles Schwab lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37. Charles Schwab denies the allegations in Paragraph 37 of the Complaint.

*Direct Infringement (35 U.S.C. § 271(a))*

38. Charles Schwab denies the allegations in Paragraph 38 of the Complaint.

39. Charles Schwab denies the allegations in Paragraph 39 of the Complaint.

40. Charles Schwab admits that Ex. 3 purports to be a claim chart including R2's infringement allegations regarding Claim 1 of the '610 patent. Charles Schwab denies any infringement of the '610 patent and denies the remaining allegations in Paragraph 40 and Ex. 3 of the Complaint.

41. Charles Schwab denies the allegations in Paragraph 41 of the Complaint.

*Damages*

42. Charles Schwab denies the allegations in Paragraph 42 of the Complaint.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,370,011

43. Charles Schwab repeats and incorporates by reference its responses to the allegations in Paragraphs 1–12, 14–16, and 23–33 of the Complaint as if fully set forth herein.

44. Charles Schwab admits that this is an action alleging patent infringement and therefore arises under the patent laws of the United States, but denies any infringement of the patents-in-suit.

45. Charles Schwab lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies them.

46. Charles Schwab denies the allegations in Paragraph 46 of the Complaint.

*Direct Infringement (35 U.S.C. § 271(a))*

47. Charles Schwab denies the allegations in Paragraph 47 of the Complaint.

48. Charles Schwab denies the allegations in Paragraph 48 of the Complaint.

49. Charles Schwab admits that Ex. 4 purports to be a claim chart including R2's

infringement allegations regarding Claim 7 of the '011 patent. Charles Schwab denies any infringement of the '011 patent and denies the remaining allegations in Paragraph 49 and Ex. 4 of the Complaint.

50. Charles Schwab denies the allegations in Paragraph 50 of the Complaint.

*Damages*

51. Charles Schwab denies the allegations in Paragraph 51 of the Complaint.

## DEMAND FOR A JURY TRIAL

R2's demand for a trial by jury does not require a response by Charles Schwab.

## PRAYER FOR RELIEF

Charles Schwab denies that R2 is entitled to any relief whatsoever, including but not limited to, the relief sought in Paragraphs (i)–(vii) of R2's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Charles Schwab incorporates by reference as if fully set forth herein its responses to Paragraphs 1–51 of R2's Complaint.  To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied.  Subject to its responses above, and upon information and belief, Charles Schwab alleges and asserts the following defenses in response to R2's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition, Charles Schwab specifically reserves all rights to allege additional affirmative defenses pursuant to any scheduling order or that may otherwise be lawfully asserted in this action for any reason, including those that become known through the course of discovery or further investigation.

## FIRST SEPARATE DEFENSE
### (Failure to State a Claim)

R2 has failed to state a claim upon which relief can be granted because, *inter alia*, it has not alleged plausible allegations of infringement.

## SECOND SEPARATE DEFENSE
### (Non-Infringement)

Charles Schwab has not infringed, and does not infringe any valid and enforceable claim of the patents-in-suit under any theory of infringement.

## THIRD SEPARATE DEFENSE
### (Invalidity)

The claims of the patents-in-suit are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

## FOURTH SEPARATE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

R2 is precluded from construing any valid claim of the patents-in-suit to be infringed, literally or under the doctrine of equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the patents-in-suit, (b) in the specification and claims of the patents-in-suit, and/or (c) during the prosecution of patents and applications related to the patents-in-suit.

## FIFTH SEPARATE DEFENSE
### (Patent Marking / Limitation on Damages and Costs)

R2 is barred in whole or in part from recovering damages under 35 U.S.C. § 287 to the extent R2 or any licensee of the patents-in-suit failed to mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise provide proper notice of any alleged infringement of the patents-in-suit.  R2's claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286, and R2 is barred from recovering costs in connection with this action by 35 U.S.C. § 288.

## SIXTH SEPARATE DEFENSE
### (No Exceptional Case)

R2 has failed to state a claim for relief against Charles Schwab for an exceptional case under 35 U.S.C. § 285.

## SEVENTH SEPARATE DEFENSE
### (Express or Implied License and Patent Exhaustion)

R2's claims for patent infringement are precluded in whole or in part (a) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Charles Schwab by (or by Charles Schwab to) any entity or entities having express or implied licenses to the patents-in-suit, and/or (b) under the doctrine of patent exhaustion.

## EIGHTH SEPARATE DEFENSE
### (Reservation of Affirmative Defenses)

Charles Schwab reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Charles Schwab hereby demands a trial by jury of all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF

Charles Schwab, reserving its right to amend the pleadings to add counterclaims and further defenses, if warranted by discovery or otherwise, prays for the following relief:

    A.    A finding that Charles Schwab does not infringe the asserted claims of the patents-in-suit;

    B.    A finding that the asserted claims of the patents-in-suit are invalid;

    C.    A judgment that R2's Complaint be dismissed with prejudice, and that R2 take nothing by its Complaint; and

    D.    Such other and further relief—whether legal, equitable, or otherwise—as the Court deems just and proper.

| | |
|---|---|
| Dated: April 5, 2021 | Respectfully submitted,<br><br>By: */s/ Brett C. Govett*<br>    Brett C. Govett<br>    State Bar No. 08235900<br>    Lead Attorney<br>    Hao J. Wu<br>    State Bar No. 24106601<br>NORTON ROSE FULBRIGHT US LLP<br>2200 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>Tel: 214.855.8118<br>Fax: 214.855.8200<br>brett.govett@nortonrosefulbright.com<br>hao.wu@nortonrosefulbright.com<br><br>    Stephanie N. DeBrow<br>    State Bar No. 24074119<br>    Catherine J. Garza<br>    State Bar No. 24073318<br>    Talbot R. Hansum<br>    State Bar No. 08235900<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard<br>Suite 1100<br>Austin, TX 78701-4255<br>Tel: 512.474.5201<br>stephanie.debrow@nortonrosefulbright.com<br>cat.garza@nortonrosefulbright.com<br>talbot.hansum@nortonrosefulbright.com<br><br>***COUNSEL FOR THE CHARLES SCHWAB CORPORATION*** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 5, 2021 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*/s/ Brett C. Govett*
Brett C. Govett
